**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT CINCINNATI**

| | | |
|---|---|---|
| ROBERT HATHORN, | : | Case No. 1:26-cv-387 |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | District Judge Jeffery P. Hopkins |
| | : | Magistrate Judge Kimberly A. Jolson |
| | : | |
| LT. ALBRIGHT, et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

**ORDER AND REPORT AND RECOMMENDATION**

This matter is before the Court for an initial screen and to withdraw the Report and Recommendation (Doc. 3). Plaintiff, a prisoner who is incarcerated at the Ohio State Penitentiary, filed this *pro se* civil rights action under 42 U.S.C. § 1983 for events that took place while he was incarcerated at Lebanon Correctional Facility ("LCF"). The Undersigned previously recommended that the Court deny Plaintiff's Motion for Leave to Proceed *In Forma Pauperis*. (Doc. 3). Plaintiff subsequently paid the full filing fee. (Doc. 4). Accordingly, the Court **WITHDRAWS** the Report and Recommendation (Doc. 3). Because Plaintiff is a prisoner seeking redress against government employees, the Court must still screen his Complaint. 28 U.S.C. § 1915A(b).

## I. STANDARD OF REVIEW

Under 28 U.S.C. § 1915A(b), the Court must dismiss the Complaint, or any part of it, that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b). Courts

construe complaints by *pro se* litigants liberally and hold them to less stringent standards than those prepared by attorneys. *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004). But this leniency is not boundless, and "it is not within the purview of the district court to conjure up claims never presented." *Frengler v. Gen. Motors*, 482 F. App'x 975, 977 (6th Cir. 2012).

In reviewing Plaintiff's Complaint at this stage, the Court must construe it in his favor, accept all well-pleaded factual allegations as true, and evaluate whether it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). But the Court is not required to accept factual allegations that are "clearly irrational or wholly incredible." *Ruiz v. Hofbauer*, 325 F. App'x 427, 429–30 (6th Cir. 2009). Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Although "detailed factual allegations" are not required, the Court must dismiss the Complaint "if it tenders naked assertions devoid of further factual enhancement." *Id.* at 662 (internal quotation and quotation marks omitted). In the end, "basic pleading essentials" are still required. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

## II.    DISCUSSION

In his Complaint, Plaintiff alleges that he was housed at LCF in 2025. (Doc. 1-1 at 12). After a few days at the prison, Plaintiff began asking shift officers, including Sgt. Barger, Officer Bowling, Officer Alexandria, and Officer Friendly, for towels and extra clothing. (*Id.* at 12, 14). Plaintiff did not receive the requested supplies, spending weeks in a cell at LCF with nothing more than a sheet, blanket, and toilet paper. (*Id.* at 4, 12–13). During this time, Plaintiff only had one set of clothes and could not take showers. (*Id.*).

On November 24, 2025, Plaintiff saw a mental health professional who denied his request

2

for access to the showers.  (*Id.* at 13).  Officer Alexandria escorted Plaintiff back to his cell after

that meeting.  (*Id.*).  After a brief discussion about Plaintiff's belt and cuffs, Lt. Albright arrived.

(*Id.*).  Plaintiff began to speak to Lt. Albright, but Lt. Albright took Plaintiff's belt and cuffs and

started to pepper-spray Plaintiff in the mouth and eyes.  (*Id.*).  Plaintiff did not resist any of the

prison officials and says the spraying occurred unprompted.  (*Id.*).  At that point, Lt. Albright sent

Plaintiff out of his cell with Officer Friendly.  (*Id.*).  When Plaintiff was walking down some stairs

with Officer Friendly, he lost his balance because he had pepper spray in his eyes.  (*Id.*).  During

the stumble, Officer Friendly shoved Plaintiff down the stairs.  (*Id.*).  Plaintiff was then placed in

cuffs so tight he could barely walk.  (*Id.*).  Officer Friendly and Lt. Albright handed Plaintiff over

to Officer Bowling, who placed Plaintiff in a room for 45 minutes.  (*Id.*).  When the nurse arrived,

Plaintiff heard Bowling tell the nurse "they were welcoming [him] to [LCF]."  (*Id.*).

During the medical examination, the nurse made Bowling loosen the shackles.  (*Id.* at 14).

Plaintiff told the nurse he feared for his life, and the nurse communicated this to the shift command.

(*Id.*).  Plaintiff was then sent to an outside hospital.  (*Id.*).  There, he learned that he had a bruised

shoulder from the fall, which required a sling and steroid shots for treatment.  (*Id.*).

Based on the allegations in the Complaint, Plaintiff raises the following claims:

| Claim 1 | Eighth Amendment conditions of confinement claim against Defendants Bowling, Alexandria, and Barger for ignoring Plaintiff's requests for showers and clothing for weeks. |
|---|---|
| Claim 2 | Eighth Amendment excessive force claim against Defendants Albright and Friendly for the incident where he was pepper-sprayed and pushed down the stairs. |

(*See generally* Doc. 1-1).

### A.    Claims that May Proceed

At this stage in the proceedings, without the benefit of briefing by the parties to this action,

the Undersigned concludes that Plaintiff may proceed with the following claims against the listed

3

Defendants in their individual capacities to the extent he seeks damages and in their individual and official capacities to the extent he seeks injunctive relief: Claim 1 (conditions of confinement based on lack of clothing and showers for weeks against Defendants Bowling, Alexandria, and Barger); and Claim 2 (excessive force claim against Defendants Albright and Friendly). Plaintiff's claims against these Defendants may proceed at this juncture for further development. However, this is only a preliminary determination. The Court has not ruled on the merits of Plaintiff's claims, nor has the Court considered any potential defenses. Defendants are not precluded from filing a motion to dismiss, a motion for a more definite statement, or other appropriate motions under the Federal Rules of Civil Procedure. *See, e.g.*, *Wiley v. Austin*, No. 8:20-cv-220, 2020 WL 6204382, at *3 (D. Neb. Oct. 22, 2020).

**B.      Claims that Should be Dismissed**

Plaintiff's claims against any Defendant in their official capacity must be dismissed to the extent Plaintiff seeks monetary damages. Plaintiff has named all Defendants in their individual and official capacities. (Doc. 1-1 at 2–3). Absent an express waiver, a state is immune from damage suits under the Eleventh Amendment. *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy*, 506 U.S. 139, 144 (1993); *Edelman v. Jordan*, 415 U.S. 651, 673 (1974). The State of Ohio has not constitutionally nor statutorily waived its Eleventh Amendment immunity in the federal courts. *See Johns v. Supreme Court of Ohio*, 753 F.2d 524, 527 (6th Cir. 1985); *State of Ohio v. Madeline Marie Nursing Homes*, 694 F.2d 449, 460–62 (6th Cir. 1982). The Eleventh Amendment bar extends to actions where the state is not a named party, but where the action is essentially one for the recovery of money from the state. *Edelman*, 415 U.S. at 663; *Ford Motor Co. v. Dep't of Treasury*, 323 U.S. 459, 464 (1945), *overruled on other grounds by Lapides v. Bd. of Regents of Univ. Sys. of Ga.*, 535 U.S. 613 (2002). A suit against defendants in their official capacities would, in reality, be a way of pleading the action against the entity of which defendants are agents. *Monell*

*v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978).  Thus, actions against state officials in their official capacities are included in this bar.  *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70–71 (1989).  *See also Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) (citing *Cady v. Arenac Co.*, 574 F.3d 334, 344 (6th Cir. 2009)) ("[A]n official-capacity suit against a state official is deemed to be a suit against the state and is thus barred by the Eleventh Amendment, absent a waiver." (citation and ellipsis omitted)).  Therefore, the Complaint should be **DISMISSED** as to all Defendants in their official capacities for Plaintiff's request for damages.

## III.    SERVICE OF PROCESS

Plaintiff, however, has yet to provide correct summons forms and service copies of his Complaint.  His recent attempts (Docs. 7 and 8) still incorrectly list every Defendant in one summons form, instead of providing a summons for each Defendant, and he does not include the name and address to which each Defendant should serve his or her response to the Complaint. Accordingly, Plaintiff is **ORDERED** to submit correct summons forms and service copies of his Complaint on or before July 10, 2026.  To aid in this, and his litigation of this case, Plaintiff is **ADVISED** to review the Southern District of Ohio's Guide for Pro Se Civil Litigants: https://www.ohsd.uscourts.gov/pro-se-handbook, particularly pages 8–11 and 30–35.  Finally, the Court notes the Clerk's office previously issued a Notice of Deficiency.  (Doc. 2).  Plaintiff is **CAUTIONED** that failure to comply with this Order may result in a recommendation that the Court dismiss her case for failure to prosecute.

## IV.    CONCLUSION

The Undersigned finds that Plaintiff may **PROCEED** with the following claims against the listed Defendants in their individual capacities to the extent he seeks damages: Claim 1 (conditions of confinement based on lack of clothing and showers for weeks against Defendants Bowling, Alexandria, and Barger); and Claim 2 (excessive force claim against Defendants

Albright and Friendly).  The Undersigned **RECOMMENDS** that Plaintiff's request for damages against the Defendants in their official capacities be **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915A(b)(1) and that the Court certify pursuant to 28 U.S.C. § 1915(e)(2)(B) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith.  *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).


Date:   June 15, 2026                                         */s/ Kimberly A. Jolson*
                                                              KIMBERLY A. JOLSON
                                                              UNITED STATES MAGISTRATE JUDGE


## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of these objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.   Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019).  *See also Thomas v. Arn*, 474 U.S. 140 (1985); *U.S. v. Walters*, 638 F.2d 947 (6th Cir. 1981).